Kastriot LULAJ, Kristina Lulaj, Petitioners,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 07–5795–ag.

United States Court of Appeals, Second Circuit.

Sept. 22, 2008.

Melissa Desvarieaux, Christophe & Associates, P.C., New York, NY, for Petitioners.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners, Kastriot and Kristina Lulaj, natives and citizens of Albania, seek review of a December 14, 2007 order of the BIA affirming the December 2, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying Kastriot Lulaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), which included his wife, Kristina, as a derivative applicant. *In re Lulaj*, No. A 96 421 863/866 (B.I.A. Dec. 14, 2007), *aff'g* Nos. A 96 421 863/866 (Immig. Ct. N.Y. City Dec. 2, 2005). We

assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. United States Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Petitioners argue only that the agency failed adequately to support its conclusion that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(A). We disagree. Both the IJ and BIA provided a reasoned basis for their findings where they noted that (1) petitioners' asylum claim was based on Kastriot's membership in the Democratic Party, (2) that party had returned to power, and (3) Kastriot did not experience persecution when the party was previously in control. Moreover, the record evidence indicated that neither the government nor the major political parties currently engage in policies of abuse, coercion, or persecution on the basis of an individual's political party. To the extent petitioners ask this court to take judicial notice of further changes in Albania's politics "that

**624**

occurred between the time of the BIA's determination and our review," *id.* at 186 n. 5, we note that the State Department's 2007 Country Report on Albania [1] tends to corroborate the IJ's decision, not refute it. In sum, petitioners point to no evidence compelling a conclusion contrary to that of the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

Because petitioners are unable to show the objective likelihood of persecution needed to make out an asylum claim, they are necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal where both claims were based upon the same factual predicate. *Cf. Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006). Because petitioners failed sufficiently to challenge the agency's denial of CAT relief before this court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**1.** Available at: *http:// www.state.gov/g/drl/rls/ hrrpt/2007/100544.htm* (dated Mar. 11, 2008).